Joyce H. SARGENT, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,

and

Catherine Epling, Intervenor.

No. 99–AA–1692.

District of Columbia Court of Appeals.

Argued Feb. 13, 2001.

Decided March 8, 2001.

Robert B. Norris, Washington, DC, for petitioner.

Benjamin T. Boscolo, Greenbelt, MD, for intervenor.

Robert R. Rigsby, Corporation Counsel, and Charles L. Reischey, Deputy Corporation Counsel, Appellate Division filed statement in lieu of brief on behalf of respondent.

Before TERRY and RUIZ, Associate Judges, and KING, Senior Judge.

RUIZ, Associate Judge:

This is a petition for review of an award of attorney's fee for work performed by claimant's attorney in a workers' compensation case[1] before the Director of the

1. The attorney services in question were performed by Catherine Epling's (claimant) counsel, Benjamin Boscolo and his colleague, Thomas Teodori, in connection with Ms. Epling's workers' compensation suit against Joyce H. Sargent (employer).

District of Columbia Department of Employment Services (DOES). The employer seeks review of two orders issued by DOES, one dated October 22, 1999, awarding attorney's fees in the amount of $1,837.50, and the second, dated November 30, 1999, denying the employer's motion for reconsideration. As there is no substantial evidence in the record supporting the award, we reverse.

On November 12, 1998, claimant's counsel, Benjamin Boscolo, wrote to DOES to petition for an award of attorney's fees for $2,143.75 for "time and expense to defend" an award of attorney's fees by the hearing examiner on January 14, 1998 for work on the underlying claim for compensation. The additional attorney's fees requested were for the "defense" that took place during the time period after February 11, 1998, when the employer filed an application for review of the hearing examiner's award with the Director.[2] The November 12, 1998 petition for attorney's fees, however, enclosed an itemization that listed 12.25 hours of services from May 13, 1994 to January 1, 1995 (*i.e.*, prior to the application for review by the Director). It is undisputed that these dates did not reflect the work referred to in the petition.[3] Despite the incorrect itemization, DOES granted claimant's petition stating that, "[h]aving examined the submission, the Director concludes that the petition for 12.25 hours is reasonable in light of the work performed at the Director's level," and ordered the employer to compensate claimant for attorney's fees in the amount of $1,837.50.[4]

 In a workers' compensation case, we defer to the determination of the Director of DOES as long as it flows rationally from the facts, and those facts are supported by substantial evidence on the record. *See Washington Metro. Area Transit Auth. v. District of Columbia Dep't of Employment Servs.*, 683 A.2d 470, 472 (D.C.1996). The Director's legal rulings are reviewed *de novo*. *See id.*

The parties do not dispute that the Director's award of attorney's fees was based on an itemization that referred to services performed prior to the filing of the petition for review by the Director. Therefore, we hold that there was no substantial evidence to support the Director's award of fees for work performed at the Director's level. Intervenor submits that although the itemization "was annexed as an exhibit to the fee petition as the result of an administrative error," there is other evidence in the record, *i.e.*, the entire administrative file, to support the award. We disagree. The Director's order stating, "[h]aving examined the *submission*," demonstrates that the decision relied on the incorrect itemization.[5] Therefore, because the Director's decision is not based on "substantial evidence," we reverse.[6]

*Reversed.*

**2.** On January 14, 1998, the Hearing Examiner ordered the employer to pay attorney's fees to claimant in the amount of $1,530.91 pursuant to § 31 of the Act, D.C.Code § 36–330 and 7 DCMR § 224 *et seq.* On February 11, 1998, the employer filed an application for review with the Director of DOES. On March 30, 1998, the Director affirmed the January 14, 1998 award of attorney's fees and, on April 22, 1998, denied the motion for reconsideration.

**3.** The claimant attached to her brief on appeal an itemization for work performed from February 11, 1998 to June 25, 1998.

**4.** The Director ordered the compensation of $1,837.50 based on a revised scale of $150/

hour, instead of the originally requested $175/hour.

**5.** In denying the employer's motion for reconsideration, the Director referred to a "complete review of the record." At oral argument, counsel for the employer agreed that what he contends is the correct itemization, see *supra* note 3, was not part of the record before the agency. The applicable regulations require that an application for attorney's fees "shall" contain a statement of hours and billing rates for each category of work performed. *See* 7 DCMR. § 224.3.

**6.** Petitioner also submits that the award of attorney's fees should be reversed because it

was untimely under 7 DCMR § 224.7. Although we would ordinarily remand for the Director's initial interpretation of 7 DCMR § 224.7, we need not reach that argument in view of our disposition that the award was not based on substantial evidence.